IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SALDY MARZAN,
#A0182374,

        Petitioner,

  vs.

STATE OF HAWAII,

        Respondent.

CIVIL NO. 26-00080 DKW-RT

ORDER DISMISSING PETITION
WITH LEAVE TO AMEND;
ORDER TO SHOW CAUSE

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by pro se Petitioner Saldy Marzan.  ECF No. 1.  The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because Marzan has not named a proper respondent, the Petition is DISMISSED with leave to amend.  If Marzan chooses to file an amended petition, he is ORDERED TO SHOW CAUSE in writing how any claims that he seeks to assert in this action have already been fully exhausted in state court.  Alternatively, Marzan may voluntarily dismiss this action.

## I. <u>BACKGROUND</u>[1]

On January 13, 1999, Marzan was convicted and sentenced in the Circuit Court of the First Circuit of the State of Hawaii.  *See State v. Marzan*, No. 1PC-97-0000214 (Haw. Cir. Ct. Jan. 13, 1999), Dkt. No. 103.  The state circuit court sentenced Marzan to life with the possibility of parole for murder in the second degree, and three, ten-year terms of incarceration for possession of a firearm by a person convicted of certain crimes, possession of ammunition by a person convicted of certain crimes, and place to keep pistol or revolver, respectively.  *Id.*  All four terms of incarceration were to be served concurrently, with credit for time served since the date of Marzan's arrest.  *Id.*  On June 9, 2015, the Hawaii Paroling Authority (HPA) set the minimum term of imprisonment for the murder charge at fifty years.  See *Marzan v. State of Hawaii*, No. 1CPN-25-0000013 (Haw. Cir. Ct. Aug. 20, 2025), Dkt. No. 22, Ex. C.

On July 3, 2025, Marzan filed in state circuit court a Petition for Post-Conviction Relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (Rule 40 Petition).  *See Marzan*, No. 1CPN-25-0000013 (Haw. Cir. Ct. July 3, 2025), Dkt. No. 11.  In the Rule 40 Petition, Marzan argued that his "minimum calculation is wrong [and] it needs to be correct[ed].  The HPA or court still ha[s]

---

[1]These facts are taken from the Petition, its exhibits, and publicly available state court opinions. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (same).

to drop[] my [50] years minimum to [20] years because [I] have life-with." *Id.*
(sixth and seventh brackets in original).  The Rule 40 Petition remains pending.

Marzan commenced this action by signing the Petition on February 15,
2026.  ECF No. 1.  On the same day the Court received the Petition, it also
received Marzan's "Motion for Appoint[ment] of Counsel."  ECF No. 3.  In the
Petition, Marzan also seeks "[t]o challenge HPA wrong minimum calculation
wrongful imprisonment."  *Id.* at PageID.5.  Like in his Rule 40 Petition, Marzan
contends that the maximum, minimum sentence for murder in the second degree is
twenty years.  *Id.* at PageID.7.  In the Petition, Marzan acknowledges that his Rule
40 Petition remains pending in state circuit court.  *Id.* at PageID.4.  The Clerk's
Office docketed receipt of the filing fee on May 26, 2026.  ECF No. 13.

## II.  <u>LEGAL STANDARD</u>

Rule 4 of the Habeas Rules requires the Court to make a preliminary review
of each petition for writ of habeas corpus.  The Court may summarily dismiss a
habeas corpus petition *sua sponte* if "it plainly appears from the petition . . . that
the petitioner is not entitled to relief."  Habeas Rule 4; *Valdez v. Montgomery*,
918 F.3d 687, 693 (9th Cir. 2019).  "A district court should do so, however, only
after 'provid[ing] the petitioner with adequate notice and an opportunity to
respond.'"  *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043
(9th Cir. 2001)) (alteration in original).

## III.  DISCUSSION

### A.    Correct Respondent

Marzan names the "State of Hawaii" as the sole Respondent in this action. ECF No. 1 at PageID.1.

A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]"  28 U.S.C. § 2242; *see* Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004). The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition."  *Padilla*, 542 U.S. at 434.  This is the person "with the ability to produce the prisoner's body before the habeas court."  *Id.* at 435 (citation omitted); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'"—that is, "'the person having day-to-day control over the prisoner'"—because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)).  Failure to properly name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian.  *See Smith*, 392 F.3d at 354–55.

4

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" *Padilla*, 542 U.S. at 434 (citations omitted); *see Smith*, 392 F.3d at 354; *see also Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (stating that the proper respondent "typically is the warden of the facility in which the petitioner is incarcerated" (citation omitted)); Habeas Rule 2 advisory committee note (stating that if the petitioner is in prison due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)").

Marzan is currently incarcerated at the Saguaro Correctional Center (SCC), in Eloy, Arizona. *See* ECF No. 1-1, at PageID.29. Instead of naming as respondent the warden of the SCC, however, Marzan has named the "State of Hawaii." ECF No. 1 at PageID.1. Because Marzan has provided no reason to stray from the default rule regarding the identity of the proper respondent, the Petition is DISMISSED with leave to amend.

If Marzan decides to proceed with this action, he must file an amended petition naming a correct respondent—for example, the warden at the SCC. Before the Court will order any properly named respondent to answer the Petition,

however, Marzan must also show cause in writing why this action should not be dismissed for the following reason.

## B.   Exhaustion of State Remedies

Section 2254 "generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) ("[B]efore . . . a [§ 2254] petition may be heard, the petitioner must seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." (internal quotation marks and citation omitted)).  A petitioner satisfies the exhaustion requirement by either: (1) fairly and fully presenting each federal claim to the highest relevant state court or (2) showing that there is no state remedy available. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

"[F]ederal courts may consider *sua sponte* whether the [petitioner] has exhausted state remedies[.]" *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992); *Eline v. Att'y Gen. of Haw.*, Civ. No. 19-00264 LEK-KJM, 2019 WL 2998551, at *3 (D.

6

Haw. July 9, 2019) (same).  Where a habeas petition raises only unexhausted claims, the court must dismiss the petition.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

Here, Marzan acknowledges that the Rule 40 Petition raising the claim presented in this Court remains pending in state circuit court.  ECF No. 1 at PageID.4.  As a result, Marzan also has not presented his claim to the state Intermediate Court of Appeals.  Unless Marzan can show that he properly exhausted his state remedies before filing his federal Petition, this case must be dismissed.

Regarding proper exhaustion of his claims, Marzan is reminded that federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a); *Munoz v. Smith*, 17 F.4th 1237, 1238 (9th Cir. 2021).  A claim is exhausted only if it "has been fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Thus, a petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim."  *Insyxiengmay*, 403 F.3d at 668 (citation omitted).  The

Ninth Circuit has stated that a "petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Id.* The "mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005). Thus, even if Marzan can show that he exhausted his claim in state court, he must also show that he made the federal bases of that claim clear to the state courts. At this point, Marzan has not identified any alleged violation of federal law.

## IV.  CONCLUSION

(1)  The Petition, ECF No. 1, is DISMISSED with leave to amend on or before June 26, 2026. Failure to timely file an amended petition that cures the deficiencies noted above will result in dismissal of this action without prejudice.

(2)  If Marzan elects to file an amended petition, he is ORDERED TO SHOW CAUSE in writing at the same time how his claims are fully exhausted. He must also name a proper Respondent.

(3) In the alternative, Marzan may NOTIFY the court in writing on or before June 26, 2026 that he is voluntarily dismissing this action.

8

(4) The Clerk shall SEND Marzan a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order.

(5)  The Motion for Appointment of Counsel, ECF No. 3, is DENIED without prejudice.  *See Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel on habeas.").  Although the Court may request counsel to appear pro bono on a petitioner's behalf, it may do so only in cases presenting exceptional circumstances.  See *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Marzan has identified no such circumstances here.

IT IS SO ORDERED.

DATED: May 27, 2026 at Honolulu, Hawai'i.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Saldy Marzan v. State of Hawaii*; Civil No. 26-00080 DKW-RT*;* **ORDER DISMISSING PETITION WITH LEAVE TO AMEND; ORDER TO SHOW CAUSE**